**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 98-10034
Summary Calendar

REBECCA J. BROWN, on behalf of herself and all other persons
similarly situated,

Plaintiff-Appellant,

VERSUS

NATIONSBANK OF GEORGIA, NA; and JOHN LITZLER,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas

(3:96-CV-2630-G)

October 6, 1998

Before DAVIS, DUHÉ, and PARKER, Circuit Judges.

PER CURIAM:[*]

Appellant Rebecca J. Brown ("Brown") appeals from the district

court's grant of summary judgment in favor of Defendants/Appellees,

Nationsbank of Georgia ("Nationsbank") and John Litzler

("Litzler"). Her claims stem from the termination of a retirement

plan of which the appellees were trustees. Finding no reversible

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error, we affirm.

## I.  Background and Procedural History

Brown was an employee of Wyatt Cafeterias, Inc. and had accumulated benefits pursuant to Wyatt's employee stock ownership plan ("the ESOP").  Under the ESOP, employees were allocated Wyatt stock based on company contributions to the ESOP and the employees' salaries.  During appellees term as trustees for the ESOP, Wyatt stock dropped from around $84.00 per share to virtual worthlessness.  Once the stock became worthless, the ESOP was left with no assets and was therefore terminated.  Appellant brought this action individually and on behalf of other beneficiaries of the ESOP, alleging that the appellees had committed fraud and breached their fiduciary duties as trustees of the ESOP.

Originally filed in state court as a state-law fraud cause of action, the appellees removed the case to federal district court based on ERISA preemption.  At the district court, appellees then filed motions to dismiss or, in the alternative, for summary judgment.  The court granted appellees motion to dismiss Brown's claims for compensatory and punitive damages for failure to state a claim on which relief could be granted under ERISA.  However, because neither party had squarely addressed the availability of equitable relief, the court withheld ruling on appellees' motions until the parties had briefed that issue.  Appellees submitted their brief as directed, but Brown instead filed a motion for leave to amend her complaint.  Before the court could rule on Brown's motion for leave, Brown filed her amended complaint and amended motion for class certification.  Brown maintained that leave of

court was not required if the appellees hadn't yet filed a responsive pleading. After the deadline to respond to appellees brief had passed, the court granted appellees motion for summary judgment.

## II. Discussion

After reviewing the record before us and the applicable law, we conclude that the district court's granting of summary judgment on behalf of the Defendants/Appellees should be affirmed.

Summary judgment is appropriate when the summary judgment record demonstrates "that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In reviewing the district court's grant of summary judgment, we apply a de novo standard of review. *See* Rodriquez v. Pacificare of Texas, Inc., 980 F.2d 1014, 1019 (5th Cir. 1993).

Brown asserts that the district court erred in classifying the claims in her amended complaint as legal rather than equitable relief. "Equitable relief" under ERISA includes "those categories of relief which were typically available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." Mertens v. Hewitt Associates, 508 U.S. 248, 256 (1993). Regardless of the language used to characterize a claim, the claim is one for damages if it seeks monetary relief for losses an ERISA plan sustained as a result of an alleged breach of fiduciary duties. *See* Id. at 255; *see also,* Weir v. Federal Asset Disposition Assn., 123 F.3d 281, 290-91 (5th Cir. 1997). Accordingly, we agree with the district court's conclusion that

Brown has simply tried to re-characterize an obvious claim for damages in the language of equity.

Next, Brown asserts that the district court erred in ruling that her claims did not set forth permissive relief under ERISA. Specifically, she argues that monetary damages relief is available to an ERISA plan, based on Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985)(holding that extra-contractual or punitive damages are not available to a beneficiary of an ERISA plan, but declining to rule on whether they would be available on behalf of the plan itself). This argument fails for two reasons. First, there is no longer a plan for which Brown would be able to recover "on behalf of," under ERISA §409(a), as she is no longer a participant in an existing plan. *See* Sanson v. General Motors, 966 F.2d 618, 621 (11th Cir. 1992)(noting that individuals that lose their status as a participant or beneficiary of a plan can no longer recover on behalf of the plan). Second, the Supreme Court has held that monetary damages (i.e., legal relief) are not available under ERISA §502(a)'s carefully crafted civil enforcement provisions. *See* Mertens, 508 U.S. at 255 (holding that compensatory damages--monetary relief for losses a plan sustained as a result of an alleged breach of fiduciary duties--were the classic form of legal relief). Because it is clear that Brown is seeking precisely the same classic form of legal relief referred to in Mertens, and not equitable relief such as restitution or injunction, the district court correctly ruled that Brown's claims did not set forth permissive relief under ERISA.

In Brown's final point of error, she asserts that the district

court erred in granting summary judgment without affording her the opportunity to amend pursuant to FED. R. CIV. P. 15.  Brown's basis for this argument is that neither of the appellees had filed a responsive pleading prior to the filing of her amended complaint. While Brown is correct that neither a motion to dismiss nor a motion for summary judgment constitutes a responsive pleading such to extinguish a plaintiff's right to amend a complaint, *see* <u>Zaidi v. Ehrlich</u>, 732 F.2d 1218, 1219-20 (5th Cir. 1984), this does not afford her relief in this case.

It is clear from our review that the district court specifically considered the claims in Brown's amended complaint when granting appellees' motion for summary judgment.  Having thus been allowed to fully present her arguments to the court, it would serve no valid purpose to allow Brown another attempt in vain to further cloak her original damages claims into the language of equity.

For the foregoing reasons, the judgment of the district court is AFFIRMED.